THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY and AMCO INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> KCJ CONSULTING, INC. d/b/a GAVINA GRAPHICS, POSITIVELY 4TH STREET RECORDS, KIRBY JOHNSON, and MINERVA SPORTSWEAR, INC., <br><br> Defendants. | Case No.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY and AMCO INSURANCE COMPANY, by and through their attorneys, Jonathan L. Schwartz and Bradley R. Ryba, bring this Complaint for Declaratory Judgment against Defendants, KCJ CONSULTING, INC. d/b/a GAVINA GRAPHICS, POSITIVELY 4th STREET RECORDS KIRBY JOHNSON, and MINERVA SPORTSWEAR, INC., and allege and state as follows:

### STATEMENT OF THE CASE

1. Plaintiffs bring this insurance coverage action to obtain a declaratory judgment finding they have no duty to defend or indemnify KCJ Consulting, Inc. d/b/a Gavina Graphics, Positively 4th Street Records, and Kirby Johnson (collectively "KCJ") in connection with a lawsuit pending in the United States District Court for the Central District of Illinois, encaptioned *Minerva Sportswear, Inc. v. First to the Finish Kim and Mike Viano Sports, Inc.*, No. 2:19-cv-02034 ("Underlying Lawsuit").

### JURISDICTION AND VENUE

2. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

22660148.v2

3.  Plaintiff, ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY ("Allied"), is a corporation organized under the laws of Iowa, with its principal place of business in Des Moines, Iowa.

4.  Plaintiff, AMCO INSURANCE COMPANY ("AMCO"), is a corporation organized under the laws of Iowa, with its principal place of business in Des Moines, Iowa.

5.  Defendant, KCJ CONSULTING, INC. d/b/a GAVINA GRAPHICS is an Illinois corporation with its principal place of business in Charleston, Illinois.

6.  Defendant, POSITIVELY 4th STREET RECORDS is a d/b/a of KCJ Consulting, Inc.

7.  Defendant, Kirby Johnson, is a resident of Coles County, Illinois and a citizen of Illinois.

8.  Defendant, MINERVA SPORTSWEAR INC. ("Minerva"), is a corporation organized under the laws of Illinois, with its principal place of business in Bloomington, Illinois. Minerva is named as a potentially interested party by virtue of its status as the plaintiff in the Underlying Lawsuit.

9.  Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiffs, Allied and AMCO, on the one hand, and Defendants, KCJ and Minerva, on the other hand, and (b) the amount in controversy, including the potential cost of defending and indemnifying KCJ in the Underlying Lawsuit, well exceeds $75,000.

10. Venue is appropriate under 28 U.S.C. § 1391(b)(1) and (2), as the defendants reside in this District, and a substantial part of the events or omissions giving rise to the Underlying Lawsuit occurred in this District, including where the insurance policies were issued and delivered, where the events giving rise to the Underlying Lawsuit occurred, and where the Underlying Lawsuit is ongoing.

11. An actual justiciable controversy exists between Allied and AMCO, on the one hand, and KCJ and Minerva, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liability of the parties and grant such relief as it deems necessary and proper.

## POLICIES

12. AMCO issued to KCJ premier businessowners policies, No. ACP BPR 710421429 for the October 20, 2009 to October 2010 policy period, ACP BPR 7134214259 for the October 20, 2012 to October 20, 2013 policy period, and ACP BPR 7144214259 for the October 20, 2013 to October 20, 2014 policy period. Allied issued to KCJ premier businessowners policies, No ACP BPRC 7114214259 for the October 20, 2010 to October 20, 2011 policy period and ACP BPRC 712421459 for the October 20, 2011 to October 20, 2012 policy period (collectively "Policies"). True and correct copies of the Policies are attached hereto and incorporated herein as **Exhibits A, B, C, D, and E**.

13. The liability coverage part of Polices contain the following relevant insuring agreement:

> **B.  COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY**
>
> 1.  **INSURING AGREEMENT**
>
>> a.  We will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy.
>>
>> HOWEVER, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. …
>>
>> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided under SUPPLEMENTARY PAYMENTS – COVERAGES A and B.

14. The Policies define "advertisement," in relevant part, as "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters."

15. The Policies define "personal and advertising injury," in relevant part, as follows:

> 14. **"Personal and advertising injury"** means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> \* \* \*
>
> d. Oral or written publication of material[1] that … disparages a person's or organization's goods, products or services;
>
> \* \* \*
>
> f. The use of another's advertising idea in your "advertisement";
>
> \* \* \*
>
> g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".
>
> \* \* \*

16. Coverage B of the Policies covering the 2009-2010 and 2010-2011 policy periods contain the following relevant exclusions:

> 2. **EXCLUSIONS**
>
> This insurance, including any duty we have to defend "suits", does not apply to:
>
> a. "Personal and advertising injury":
>
> 1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

---

[1] The 2011-2012, 2012-2013, and 2013-2014 policies add the phrase "in any manner" to this definition.

4

    2)     Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

    3)     Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

* * *

    7)     Arising out of the failure of goods, products or services to confirm with any statement of quality or performance made in your "advertisement";

17.    Coverage B of the Policies covering the 2011-2012, 2012-2013, and 2013-2014 policy periods contain the following relevant exclusions:

    2.    **EXCLUSIONS**

This insurance, including any duty we have to defend "suits", does not apply to personal and advertising injury:

    **a.**    **Knowing Violation Of Rights of Another**

Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

    **b.**    **Material Published With Knowledge of Falsity**

Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

    **c.**    **Material Published Prior To Policy Period**

Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

* * *

    **g.**    **Quality Or Performance Of Goods – Failure To Conform To Statements**

Arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

5

\* \* \*

    **i.**    **Infringement Of Copyright, Patent, Trademark Or Trade Secret**

Arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement."

HOWEVER, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

\* \* \*

18. The 2011-2012, 2012-2013, and 2013-2014 Policies' Supplementary Payments sections state:

    **1.**    We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

\* \* \*

    **e.**    All court costs taxed against the insured in the "suit". HOWEVER, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

19. Each of the Policies contains a provision, which states:

If we initially defend an insured or pay for an insured's defense but later determine that the claim is not covered under this insurance, we will have the right to reimbursement for the defense costs we have incurred. The right to reimbursement for the defense costs under this provision will only apply to defense costs we have incurred after we notify you that there may not be coverage, and that we are reserving our rights to terminate the defense and seek reimbursement for defense costs.

## UNDERLYING LAWSUIT

20. The Complaint in the Underlying Lawsuit ("Underlying Complaint") alleges KCJ infringed upon Minerva's exclusive license to sell official merchandise at the annual Illinois High School Association state finals track and field meet for boys and girls ("State Finals"). A true and correct copy of the Underlying Complaint is attached hereto and incorporated herein as **Exhibit F**.

6

21. The Underlying Complaint alleges, in relevant part, as follows:

   a. Minerva has been the exclusive vendor of State Finals merchandise since 2005.

   b. KCJ began advertising and selling merchandise described as State Finals merchandise in May 2006 in a deliberate attempt to profit off of Minerva's efforts and goodwill.

   c. KCJ sold apparel bearing designs identifying its merchandise as official, authorized "State Finals" merchandise.

   d. KCJ's advertising, display, and sale of State Finals merchandise was intended to "pass off" its merchandise as Minerva's merchandise and, moreover, to imply an association with the State Finals track meet.

   e. KCJ's merchandise was inferior to Minerva's merchandise.

   f. A substantial number of consumers complained to Minerva about the products.

   g. Due to KCJ's marketing and sale of its "State Finals" merchandise, Minerva lost sales and was forced to raise its prices.

22. The Underlying Complaint directs four counts against KCJ: Count I (Federal Unfair Competition under Section 43(a) of the Lanham Act); Count II (Illinois Unfair and Deceptive Trade Practices, 815 ILCS 510/1 *et seq.*); Count III (Illinois common law claims for tortious interference with prospective economic advantage; and Count IV (unjust enrichment).

23. Count I specifically alleges KCJ's actions demonstrated "an intentional, willful, and malicious intent to trade on the goodwill associated with [Minerva]."

24. Count II specifically alleges KCJ willfully caused and will continue to cause irreparable injury to the public and Minerva.

25. Count III specifically alleges KCJ "engaged in pervasive, intentional and unjustified interference with [Minerva's] status as the exclusive seller of State Finals merchandise which has prevented [Minerva] from realizing the full potential of that status."

26. The Underlying Complaint seeks, in addition to compensatory damages, costs, and pre- and post-judgment interest, destruction of the offending merchandise, preliminary and permanent injunctive relief, disgorgement of profits, an accounting, treble damages, punitive damages, and attorneys' fees.

## ALLIED AND AMCO'S DEFENSE OF KCJ

27. Allied and AMCO are defending KCJ in the Underlying Lawsuit under a full reservation of rights.

## COUNT I – DECLARATORY JUDGMENT – NO DUTY TO DEFEND

28. Allied and AMCO incorporate by reference paragraphs 1-27 above as if fully stated herein.

29. Coverage B of the Policies applies only to damages for "personal and advertising injury." However, the Underlying Lawsuit does not allege "personal and advertising injury," as that term is defined in the Policies. Specifically, the Underlying Complaint does not allege that KCJ published an advertisement that disparaged Minerva's goods, products, or services. It also does not allege that KCJ used any "advertising idea" in any of its advertisements. In particular, the State Finals is not an "advertising idea" – it is an event. Further, KCJ's marketing and selling of State Finals merchandise did not involve any of Minerva's copyrights, trade dress, or slogans.

30. To the extent the Underlying Lawsuit alleges "personal or advertising injury," the Policies' exclusion for Material Published Prior To Policy Period would preclude coverage since any damages in the Underlying Lawsuit would be the result of KCJ's promotions that began before the Policies' inception.

8

22660148.v2

31. To the extent the Underlying Lawsuit alleges "personal or advertising injury," the Policies' exclusion for Quality Or Performance Of Goods – Failure To Conform To Statements would preclude coverage since any damages in the Underlying Lawsuit would be the result of KCJ's advertisement and sale of unauthorized "State Finals" merchandise.

32. Because Allied and AMCO have no duty to defend KCJ in the Underlying Lawsuit, they are entitled to reimbursement of all defense costs incurred in the defense of KCJ after April 17, 2019, when Allied and AMCO informed KCJ of their intention to seek such reimbursement.

## COUNT II – DECLARATORY JUDGMENT – NO DUTY TO INDEMNIFY

33. Allied and AMCO incorporate by reference paragraphs 1-32 above as if fully stated herein.

34. Because Allied and AMCO have no duty to defend KCJ, they necessarily have no duty to indemnify KCJ under the Policies in connection with the Underlying Lawsuit.

35. In addition, Allied and AMCO's potential duty to indemnify under the Policies may be eliminated completely by the: (a) 2011-2012, 2012-2013, and 2013-2014 Policies' Infringement Of Copyright, Patent, Trademark Or Trade Secret exclusion, which applies to KCJ's violations of Minerva's intellectual property rights; (b) each of the Policies' Knowing Violation Of Rights Of Another Exclusion, which applies to a finding that KCJ acted willfully, malicious, or with intent to cause harm to Minerva; and (c) each of the Policies' Material Published With Knowledge Of Falsity Exclusion, which applies to findings that KCJ advertised "State Finals" while knowing it was not authorized to advertise its merchandise as authorized "State Finals" merchandise.

36. The Policies do not provide coverage for the sought-after injunctive relief, destruction of offending merchandise, accounting, disgorgement of profits, attorneys' fees, and costs, as they do not qualify as "damages," as that term is used in the Policies.

37. The Policies do not provide coverage for any punitive damage award, which is uninsurable under the applicable law.

WHEREFORE, Plaintiffs, ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY and AMCO INSURANCE COMPANY, respectfully request this Court enter a declaratory judgment in their favor and against defendants, declaring, adjudging, and decreeing as follows:

A. Allied and AMCO have no duty defend KCJ under the Policies in connection with the Underlying Lawsuit;

B. Allied and AMCO are entitled to full reimbursement of all defense costs incurred in the defense of KCJ in the Underlying Lawsuit after April 17, 2019;

C. Allied and AMCO have no duty to indemnify KCJ under the Policies in connection with the Underlying Lawsuit; and

D. Allied and AMCO are entitled to such other and further relief, including court costs, as this Court deems appropriate.

DATED:  April 18, 2019            Respectfully submitted,

**GOLDBERG SEGALLA, LLP**

By: /s/ Jonathan L. Schwartz
One of the Attorneys for Allied Property and Casualty Insurance Company and AMCO Insurance Company

Jonathan L. Schwartz (ARDC #6287338)
Bradley R. Ryba (ARDC #6321428)
GOLDBERG SEGALLA LLP
PO Box 957
Buffalo, NY 14201
(312) 572-8411
jschwartz@goldbergsegalla.com
bryba@goldbergsegalla.com

22660148.v2